U.S. DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11166 EFH

MAGISTRATE JUDGE Dein

HARTFORD FIRE INSURANCE COMPANY,

Plaintiff,

v.

TOWN OF WESTON,

Defendant

RECEIPT # 64743
AMOUNT $
SUMMONS ISSUED Ye)
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. Tom
DATE 6/6/05

**COMPLAINT FOR DECLARATORY RELIEF AND MONETARY JUDGMENT**

Plaintiff, Hartford Fire Insurance Company ("Hartford") for its Complaint for Declaratory Relief and Monetary Judgment against Defendant, Town of Weston ("Weston") states:

### PARTIES

1. Hartford is a Connecticut corporation which, among other things, is in the business of issuing surety bonds. Hartford's principal place of business is in Hartford Connecticut.

2. Weston is a town organized and existing under the laws of the Commonwealth of Massachusetts having lawful existence as a political subdivision of the Commonwealth of Massachusetts.

3. At all relevant times, Weston acted by and though the Weston School Committee and other officers and agents are duly authorized and appointed.

## JURISDICTION

4. This Court has jurisdiction over this matter under 28 U.S.C. §1332, as Hartford has citizenship diverse from Weston, and the amount in controversy exceeds $75,000.00 and pursuant to 29 U.S.C. §2201 because this is an action seeking, in part, a declaratory judgment and there is an actual controversy regarding the legal relations of the parties.

## FACTS

5. On or about June 25, 2001, Jan Five Corporation d/b/a Alexandra Construction ("Alexandra" or "Principal") entered into a contract with Weston for the construction of a project known as Additions and Renovations to the Country and Woodland Schools in Weston, Massachusetts ("Project").

6. Weston furnished documents including, plans, specifications, general conditions, supplementary conditions and other documents ("Contract") for use by Alexandra for the Project.

7. Hartford, as surety and Alexandra, as principal, made, executed and delivered to Weston a Performance Bond No. 08BCSAV7773 as well as a Labor and Material Bond No. 08BCSAV7773 ("Payment Bond"), both bonds being dated June 25, 2001.

8. The penal sum of the Performance Bond is $27,677,000.00 and the penal sum of the Payment Bond is $27,677,000.00.

9. Alexandra commenced performance on the Project and during the course of the Project certain disputes arose between Weston and Alexandra.

10. As a result of the disputes between Weston and Alexandra, Weston terminated Alexandra's Contract with respect to the Project effective July 15, 2004.

11. Alexandra disputes the propriety of the termination.

12. Weston demanded that Hartford, as surety, arrange for completion of the Contract pursuant to the terms of the Performance Bond.

13. On November 11, 2004, with a reservation of rights by both Weston and Hartford, the parties executed a Takeover Agreement to arrange for work to be performed on the Project.

14. Weston understood that Alexandra would perform the work on the Project pursuant to the terms of the Takeover Agreement.

15. Hartford, as surety, began performance of work under the Takeover Agreement and completed a substantial portion of the work under the Takeover Agreement.

16. During the course of the performance of the work under the Takeover Agreement, disputes arose between Hartford and Weston concerning the scope of the work to be completed under the Takeover Agreement, the Contract and the obligations of the parties under the Takeover Agreement.

17. Weston terminated Hartford's right to proceed under the Takeover Agreement.

## COUNT I – BREACH OF CONTRACT

18. Hartford hereby incorporates Paragraphs 1 through 17 above as if fully set forth herein.

19. Weston has breached the terms of the Contract on the Project, the Performance Bond and the Takeover Agreement by, among other things:

(a) Refusing to remit due and owing Contract proceeds;

(b) Refusing to process and pay for legitimate change order work;

(c) Assessing both liquidated damages and actual damages contrary to established legal principles;

(d) Refusing to approve or make payment of claims asserted by Alexandra.

20. Weston's actions constitute a material breach of the Contract, Performance Bond, and the Takeover Agreement.

21. All conditions precedent to maintain this action have been satisfied.

## COUNT II

22. Hartford hereby incorporates Paragraphs 1 through 21 above as if fully set forth herein.

23. Weston, by its actions and/or omissions, required, requested and otherwise forced Hartford to arrange for the furnishing of labor, materials, equipment, supplies and other services to Weston for which Hartford has not been paid. Weston accepted the work performed by Hartford and gained the full benefit of Hartford's performance.

24. Under the equitable doctrine of *quantum meruit*, Hartford is entitled to recovery from Weston the fair value of the labor, materials and services provided by Hartford to Weston for which Hartford has not been paid.

## COUNT III

25. Hartford hereby incorporates Paragraphs 1 through 24 above as if fully set forth herein.

26. The public bidding laws applicable to the Project require, among other things, that plans and specifications for such Project shall detail all labor and material to be provided thereunder.

27. Weston had the responsibility, oversight and control of the preparation of the designs of the work, and the plans and specifications for the Project which were intended to be complete, adequate, accurate, detailed and workable.

28. The Contract contained express and implied representations that such document was prepared with due care and in accordance with applicable law.

29. The Contract prepared and published by Weston did not conform to such express or implied representations.

30. Alexandra/Hartford substantially performed the work on the Project in accordance with the Contract, but Weston has failed and refused to pay for all work and extra work performed under the Contract.

31. As a consequence of changes, omissions, defects and misrepresentations in the Contract, and extra work Alexandra/Hartford was required to perform, Hartford incurred additional costs and expenses.

32. By reason of the foregoing, Weston has breached the Contract, the Performance Bond and the Takeover Agreement.

33. All condition precedent to maintain this action have been satisfied.

## COUNT IV--DECLARATORY JUDGMENT

34. Hartford hereby incorporates Paragraphs 1 through 33 above, as if fully set forth herein.

35. Hartford states that a genuine controversy has arisen between Weston and Hartford as to the meaning, interpretation and application of the Contract, the Performance Bond and the Takeover Agreement and Hartford requests that this Court order, adjudge and declare that Hartford is entitled to receive payment for such amounts as have been wrongfully withheld by Weston.

WHEREFORE, Hartford demands that this Court order, adjudge and award a judgment in favor of Hartford against Weston as follows:

(a) Enter judgment in favor of Hartford against Weston for any amounts determined to be due Hartford.

(b) Enter judgment in favor of Hartford against Weston and award Hartford its damages for breach of contract by Weston and such further relief as the Court deems just and proper.

(c) Enter judgment in favor of Hartford against Weston and award Hartford the fair value of the work performed, and labor and material equipment and supplies furnished, and for the cost and expenses of this action.

(d) Enter a declaratory judgment, declaring the rights, responsibilities and liabilities of Hartford and Weston under the terms and conditions of the Contract, the Performance Bond and the Takeover Agreement.

-7-

(e)  For such further relief as the Court deems just and proper under the circumstances and the applicable law.

(f)  Award Hartford its costs and attorneys' fees in maintaining this action and for such other and further relief as the Court deems proper.

                                              Respectfully Submitted,
**HARTFORD FIRE INSUARANCE COMPANY**
By its attorneys,

_[signature]_
Bradford R. Carver, BBO #565396
CETRULO & CAPONE LLP
Two Seaport Lane, 10th Floor
Boston, MA 02210
Tel: (617) 217-5500
Fax: (617) 217-5200

Date: June 6, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) **Hartford Fire Insurance Company v. Town of Weston**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.   160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.
   - [ ] II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.           for patent, trademark or copyright cases
   - [X] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.
   - [ ] IV.  220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]    NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]    NO [X]
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]    NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]    NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [X]    NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [X]    Central Division [ ]    Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]    Central Division [ ]    Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]    NO [X]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME **Bradford R. Carver**
ADDRESS **Cetrulo & Capone LLP, Two Seaport Ln., 10th Fl., Boston, MA 02210**
TELEPHONE NO. **(617) 217-5500**

(CategoryForm.wpd - 5/2/05)

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Hartford Fire Insurance Company

(b) County of Residence of First Listed Plaintiff: **Hartford**
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)

## DEFENDANTS
Town of Weston

County of Residence of First Listed Defendant: **Middlesex**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | PERSONAL PROPERTY | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC §1332    28 USC §2201
Brief description of cause:
Declaratory Relief and Monetary Judgment sought re: breach of performance bond

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE _____
SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____