UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HARTFORD FIRE INSURANCE COMPANY,<br><br>            Plaintiff,<br><br>v.<br><br>TOWN OF WESTON,<br><br>            Defendant | CIVIL ACTION NO. 05-CV-11166-EFH |

**OPPOSITION OF HARTFORD FIRE INSURANCE COMPANY
TO THE TOWN OF WESTON'S MOTION TO STAY**

The plaintiff, Hartford Fire Insurance Company ("Hartford"), hereby opposes the defendant Town of Weston's ("Weston") Motion to Stay. The court should deny Weston's Motion to Stay because, despite Weston's representation, the State Court Action does not encompass any of Hartford's claims being asserted in Federal Court and, thus, staying this action will prejudice Hartford. Additionally, Weston has failed to meet the standard for staying Hartford's claim for declaratory judgment and, independently, Hartford's breach of contract claims. As further grounds for its Opposition, Hartford states:

**BACKGROUND**

On or about June 25, 2001, Jan Five Corporation d/b/a Alexandra Construction ("Alexandra") entered into a construction contract with Weston for the construction of the project known as Additions and Renovations to the Country and Woodland Schools in Weston, Massachusetts ("the Project"). Weston furnished documents including, plans, specifications, general conditions, supplementary conditions and other documents ("the Contract") for use by Alexandra for the Project. On or about June 25, 2001, Hartford, as surety, and Alexandra, as

principal, made, executed and delivered to Weston a Performance Bond (No. 08BCSAV7773) ("the Performance Bond") as well as a Labor and Material Payment Bond (No. 08BCSAV7773) ("the Payment Bond") related to the Project.

Alexandra commenced performance on the Project and during the course of the Project certain disputes arose between Weston and Alexandra. As a result of the disputes between Weston and Alexandra, Weston terminated Alexandra's Contract with respect to the Project effective July 15, 2004. Hartford's principal, Alexandra, disputed the propriety of the termination by Weston. Weston, as obligee on the Performance Bond, demanded that Hartford, as surety, arrange for completion of the Contract pursuant to the terms of the Performance Bond.

On or about July 12, 2004, Alexandra commenced an action against Weston and the project architect, Design Partnership of Cambridge ("the Architect"), in the Middlesex Superior Court, captioned <u>Jan Five Corp. d/b/a Alexandra Construction v. Town of Weston and Design Partnership of Cambridge</u>, Civil Action No. 04-2787 ("the State Court Action"). Weston filed an answer, but did not assert a third party claim against Hartford.

In or about November 2004, with a reservation of rights by both Weston and Hartford, the parties executed a Takeover Agreement to arrange for work to be performed on the Project ("the Takeover Agreement"). Pursuant to the terms of the Takeover Agreement, Weston agreed, among other things: (1) to pay Hartford the Construction Contract Balance, less certain claims by Weston; (2) to provide Hartford with complete and unfettered access to all areas of the Project necessary for completion of the Project during the times set forth in the Takeover Agreement; (3) to have a representative at the Project on a day-to-day basis to monitor the completion of the work; (4) to work cooperatively with Hartford's representative to make joint preliminary determinations concerning the completion of the work; (5) to require the Architect to review the

completed items of work for acceptance and elimination and/or deletion of items from the punchlists; and (6) to pay for the Architect's services related to one complete inspection and review of completed items of work at the request of Hartford.

Weston consented to Alexandra acting as Hartford's completion contractor to perform the work on the Project pursuant to the terms of the Takeover Agreement. Hartford began performance of work under the Takeover Agreement and completed a substantial portion of the work under the Takeover Agreement. During the course of the performance of the work under the Takeover Agreement, disputes arose between Hartford and Weston concerning the scope of the work to be completed under the Takeover Agreement and the obligations of the parties under the Takeover Agreement. Weston thereafter terminated Hartford's right to proceed under the Takeover Agreement.

On June 6, 2005, Hartford commenced this action against Weston for declaratory relief and monetary judgment in the United States District Court for the District of Massachusetts. On or about June 24, 2005, Weston filed a motion for leave to file a third party complaint against Hartford in the State Court Action. The motion was allowed and the third party complaint was docketed on July 13, 2005 in the State Court Action. Hartford filed an answer to Weston's third party complaint, although no counterclaim was filed by Hartford due to this prior pending action in Federal Court.

### ARGUMENT

**I. THE COURT SHOULD NOT STAY HARTFORD'S DECLARATORY JUDGMENT CLAIM.**

In considering whether to stay this action, the Court should consider "whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceedings pending in the state

4

court." Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 495 (1942); Chedester v. Town of Whately, 279 F. Supp. 2d 53, 56 (D. Mass. 2003). In making such a determination, "the court may need to examine 'the scope of the pending state court proceeding and the nature of defenses open there,' an inquiry which naturally entails consideration of 'whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc.'" Id. "[T]he relevant determination is not whether the state court litigation involves the identical issues in form as the federal action, but rather whether the substance of the federally pleaded issues will be resolved in state court." United States Fidelity & Guar. Co. v. Algernon-Blair, Inc., 705 F. Supp. 1507, 1514-15 (M.D. Ala.1988).

Contrary to Weston's assertion, the scope of the State Court Action does not encompass Hartford's claims against Weston. In the present action, Hartford seeks resolution of a dispute between it and Weston arising out of the parties' performance under the Takeover Agreement. This action is narrower in scope than the litigation pending in the State Court Action and involves fewer parties. Permitting Hartford to seek resolution of the issues alleged in its Complaint will promote an expedient determination of the rights and obligations of Hartford and Weston under the Takeover Agreement. See Standard Fire Ins. Co. v. Gordon, 376 F. Supp. 2d 218, 233-34 (D.R.I. 2005). Moreover, as further evidence that the claims and defenses by and between Weston and Hartford arise out of the Takeover Agreement, Weston waited nearly a year before moving to add Hartford as a third party defendant in the State Court Action.

Hartford has not asserted any claims against Weston in the State Court Action. Should the Court stay this action, Hartford may be prejudiced because it may be without ability to pursue its claims, and particularly Weston's breach of the Takeover Agreement in the State

Court Action. While Hartford recognizes that it may be able to move the Massachusetts Superior Court to permit the filing of a counterclaim against Weston in the State Court Action, there is no guarantee that the Superior Court will permit Hartford to assert these claims, even if Weston and the other parties in the State Court Action assented to the filing of a counterclaim against Weston. On this basis alone, Weston's Motion to Stay should be denied.

**II.      THE COURT SHOULD PERMIT HARTFORD'S BREACH OF CONTRACT CLAIMS TO BE LITIGATED IN FEDERAL COURT.**

"Abstention from the exercise of federal jurisdiction is the exception, not the rule." Colorado River Water Conservation District v. United States, 424 U.S. 800, 813 (1976). "When a parallel state court action exists, the Supreme Court has emphasized that the doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." Lops v. Lops, 140 F.3d 927, 942 (11th Cir. 1998), quoting Colorado River, 424 U.S. at 813.

The "pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction . . . ." Colorado River, 424 U.S. at 817. Rather, the District Courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." Id. Consequently, "[o]nly the clearest of justifications will warrant dismissal" of a federal court action in deference to a parallel state court action. Id. at 819. "The test for determining when exceptional circumstances exist . . . involves the careful balancing of six factors," and "[t]he weight to be given any one factor may vary greatly depending on the case; however, the balance is heavily weighted in favor of the federal court exercising jurisdiction." American Bankers Ins. Co. of Florida v. First State Ins. Co., 891 F.2d 882, 884 (11th Cir. 1990), quoting Colorado River, 424 U.S. at 816. The relevant factors of abstention include: (1)

whether one of the courts has assumed jurisdiction over the property; (2) the inconvenience of the federal forum; (3) the potential for piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether state or federal law will be applied; and (6) the adequacy of the state court to protect the parties' rights.  Moses H. Cone Memorial Hosp. v. Mercury Constr. Co., 460 U.S. 1, 23-26 (1983); Colorado River, 424 U.S. at 818.

Neither one of the first two factors weighs in favor of abstention; neither court has assumed jurisdiction over the property and the federal forum is a convenient forum for both Hartford and Weston.  The issues raised in the Federal Action are not identical to the issues raised in the State Court Action and would not result in piecemeal litigation.  The legal actions are different in that the Federal Action arises out of Weston's breach of its agreement with Hartford, i.e. the Takeover Agreement, and is therefore more limited in scope than the State Court Action.

The State Court Action involves Alexandra's claims against Weston arising out of its performance of the Contract on the Project, and Alexandra's claims against the Architect. Moreover, as noted above, while Weston has attempted to assert the same claims in both actions, Hartford has not asserted any claims against Weston in the State Court Action because it had already done so in this forum.  The fact that there is a parallel state court action is not dispositive. See Lops v. Lops, 140 F.3d 927, 943 n.22 (11th Cir. 1998) ("the mere pendency of a parallel proceeding does not require the dismissal [or the stay] of a federal suit"); Villa Marina Yacht Sales, Inc. v. Hatteras Yachts, 915 F.2d 7, 13 (1st Cir. 1990) ("Duplication and inefficiency are not enough to support a federal court's decision to bow out of a case over which it has jurisdiction").

7

With respect to the "order in which the forums obtained jurisdiction," Hartford commenced this action prior to Weston filing its third party complaint against Hartford in the State Court Action. The fact that the State Court Action was commenced prior to this action should not factor in the analysis. Although Weston and Alexandra had been litigating the State Court Action for about a year, Hartford was not involved in the litigation until Weston filed a third party complaint on July 13, 2005, which occurred after Harford commenced the present action.

Weston argues that because state law will govern the dispute, a stay of this action is warranted; however, the fact that this action does not involve a federal question is of little or no consequence:

> [O]ur task in cases such as this is not to find some substantial reason for the exercise of federal jurisdiction by the federal court; rather, the task is to ascertain whether there exist exceptional circumstances, the clearest of justifications, . . . to justify the surrender of jurisdiction. Only in rare circumstances will the presence of a state law issue weigh in favor of dismissal.

American Bankers, 891 F.2d at 886 (citations omitted). While the present action involves state law issues, it "does not present such rare circumstances; it does not involve complex questions of state law that would best be resolved by a state court . . . ." Id.

Regarding the "adequacy of the state court to protect the parties' rights," as pointed out above, Hartford's claims against Weston in this action were not asserted by way of counterclaim in the State Court Action. Thus, there is a real danger that, should this action be stayed, Hartford may be precluded or denied an opportunity to litigate its claims against Weston. Moreover, even were Hartford able to bring its federal court claims in the State Court Action, the "fact that both forums are adequate to protect the parties' rights merely renders this factor neutral on the

8

question of whether the federal action should be dismissed." American Bankers, 891 F.2d at 886 (citations omitted).

As demonstrated above, no one factor or combination of factors in this case gives rise to exceptional circumstances warranting a stay of this action. For that reason, this Court should exercise its jurisdiction over this matter and deny Weston's Motion to Stay.

## CONCLUSION

For the foregoing reasons, Hartford Fire Insurance Company respectfully requests that this Honorable Court deny the Town of Weston's Motion to Stay.

Respectfully submitted,

**HARTFORD FIRE INSURANCE COMPANY,**

By its attorneys,

/s/ Eric H. Loeffler
Bradford R. Carver, BBO #565396
Eric H. Loeffler, BBO #641289
Hinshaw & Culbertson LLP
One International Place, Third Floor
Boston, MA 02110
(617) 213-7000

34017048v1 856093