UNITED STATES DISTRICT COURT
For the District of Massachusetts

|  |  |
|---|---|
| HARTFORD FIRE INSURANCE COMPANY, ) ) ) ) Plaintiff, ) ) v. ) ) TOWN OF WESTON, ) ) Defendant. ) ) | C. A. No. 1:05-cv-11166-EFH |

### TOWN OF WESTON'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR RECONSIDERATION OF ITS MOTION TO STAY

The Court should reconsider its decision to deny Town of Weston's ("Weston") Motion to Stay the instant litigation pending the disposition of the parallel state law action currently being litigated in Middlesex Superior Court. In its Opposition to Weston's Motion to Stay Hartford Fire Insurance Company's ("Hartford") claim for declaratory judgment, Hartford (1) misstated the legal significance of its tactical decision to refrain from filing a counter-claim in the state law action, and (2) misrepresented the scope of its declaratory judgment claim. Additionally, in its Opposition to Weston's Motion to Stay Hartford's breach of contract claims, because Hartford misstated the legal standard articulated by the U. S. Supreme Court in *Colorado River Water Conservation District v. United States*.

1. **The fact that Hartford refrained from asserting its breach of contract claim in the state law action is irrelevant to this Court's decision to stay Hartford's Declaratory Judgment Claim.**

Virtually the only basis Hartford offers in support of its Opposition to Weston's Motion to Stay Hartford's count for declaratory judgment is the fact that it failed to assert a counterclaim for breach of the Takeover Agreement against Weston in the parallel State Court Action.

Hartford's Opposition misrepresents its Complaint before this Court, and mischaracterizes the legal significance of its failure to assert a counterclaim.

In its Complaint, Hartford has asserted three completely separate breach of contract claims – all also at issue in the parallel State Law Action. Yet in its Opposition, Hartford represents to the Court only that "[i]n the present action, Hartford seeks resolution of a dispute between it and Weston arising out of the parties' performance under the Takeover Agreement." This statement may be true as far as it goes. What Hartford fails to acknowledge that, "in the present action" it also seeks (1) resolution of a dispute between Weston and Alexandra Construction ("Alexandra"), Hartford's principal, arising out of the underlying Construction Contract, and (2) resolution of a dispute among Weston, Alexandra and Hartford arising out the performance bond Hartford issued to Alexandra. Hartford's representation that its Complaint before this Court is "narrower in scope than the litigation pending in the State Court Action" is simply not true. In order for this Court to resolve Hartford's claim for declaratory judgment, the parties will be required to litigate the very same issued currently being litigated in the State Court Action – disputes arising out of the Construction Contract, the Takeover Agreement and the Bond.

Additionally, the fact that "Hartford has not asserted any claims against Weston in the State Court Action" is simply irrelevant to the issue of staying Hartford's claims for declaratory judgment. The standard is not whether Hartford asserted its claim in the State Court Action, but whether it could have done so. *See Bituminous Casualty Corporation v. J & L Lumber Co., Inc.*, 373 F.3d 807, 816 (6th Cir. 2004) (issue whether plaintiff "could have presented its case to the same court that will decide the underlying action"). Hartford's decision to not file a counterclaim against Weston was a tactical one. It was a decision designed to create the

B0446817v1

impression of difference – which does not exist – between the issues before this Court and those in the parallel State Court Action. As demonstrated above, and in Weston's Motion to Stay, both actions seek resolution of the underlying Construction Contract, the Takeover Agreement and the Bond.[1] The fact that Hartford failed to assert its counterclaim for breach of the Takeover Agreement should not enter into this Court's decision to stay this action. Because "the substance of [Hartford's] federally pleaded issues will be resolved in state court," this Court should reconsider its decision to deny Weston's Motion to Stay. *See U.S. Fidelity & Guaranty Co. v. Algernon-Blair, Inc.*, 705 F.Supp. 1507, 1514-1515 (M.D.Ala. 1988).

2. **Hartford misstates the legal standard articulated by the U.S. Supreme Court in *Colorado River* for staying Hartford's federal breach of contract claims.**

The appropriate legal standard in support of staying Hartford's breach of contract claims is the doctrine articulated by the U. S. Supreme Court in *Colorado River Water Conservation District v. United States* (the "*Colorado River* doctrine"). 96 S.Ct. 1236, 1246, 424 U.S. 800, 817 (1976). In its Opposition, Hartford misstates the *Colorado River* doctrine, urging instead that this Court to use a hybrid form of the doctrine of abstention, which the court in *Colorado River* found irrelevant to circumstances such as those currently before this Court. *See id.* In *Colorado River*, the U.S. Supreme Court explicitly expanded the power of the federal district court to dismiss or stay actions, over which the courts would otherwise have jurisdiction, beyond those available under the more limited abstention doctrine. The *Colorado River* doctrine is based on "principles rest[ing] on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Id. See also Interstate Material Corp. v. City of Chicago*, 847 F.2d 1285, 1287 n. 2 (7th Cir. 1988)

---

[1] Hartford offers no support for its dire prediction that it will be somehow foreclosed from raising its claim for breach of the Takeover Agreement in the State Court Action. Even if this were true, it is significant that Hartford could have asserted its claim, but made the conscious decision not to.

3

(differentiating between abstention doctrines and the *Colorado River* doctrine). By contrast, the abstention doctrine is appropriate only "where there have been presented difficult questions of state law bearing on policy problems of substantial public import." *Colorado River*, 96 S.Ct. 1244, 424 U.S at 814. As in *Colorado River*, the abstention doctrine simply does not apply to the matter before this Court. *See* 96 S.Ct. at 1246, 424 U.S. at 817.

The *Colorado River* doctrine requires this Court to engage in a multi-factored balancing test, where "[n]o one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required." *Colorado River*, 96 S.Ct. 1244-1246, 424 U.S at 814-818 (emphasis added). Hartford's hybrid test involves an all-or-nothing exercise of the abstention doctrine overlaid onto the various *Colorado River* factors. Under Hartford's test, each of the *Colorado River* factors would be measured, in isolation, against exercising jurisdiction. The Hartford test directly contradicts the requirement in *Colorado River* that this Court analyze the factors in "combination" with each other to determine that a stay is appropriate. The effect of the Hartford test would be to render each of the *Colorado River* factors void because, as "[n]o one factor is necessarily determinative." *See Colorado River*, 96 S.Ct. at 1247, 424 U.S. at 818. While it may be true that none of the *Colorado River* factors taken alone would compel this Court to stay Hartford's claims, taken in combination, the factors here clearly weigh in favor of a stay.

The *Colorado River* factors, as acknowledged by Hartford, include: (1) whether one of the courts has assumed jurisdiction over the property; (2) the inconvenience of the federal forum; (3) the potential for piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether state or federal law will be applied; and (6) the adequacy of the state court to protect

4

B0446817v1

the parties' rights." *Moses H. Cone Memorial Hospital v. Mercury Construction Company*, 103 S.Ct. 927, 941-942, 460 U.S. 1, 23-26 (1983); *Colorado River*, 96 S.Ct. at 807-818, 424 U.S. at 818. Pursuant to Colorado River, these factors must be weighed in "combination" with each other. *See* 96 S.Ct. at 1247, 424 U.S. at 818-819.

For example, under the *Colorado River* doctrine, as explained and expanded by *Moses H. Cone Memorial Hospital v. Mercury Construction*, the fact that Hartford's claims only involves issues of state law is a factor that weighs in <u>favor</u> of staying the federal matter. *See* 103 S.Ct. 927, 941-942, 460 U.S. 1, 23-26 (1983). Hartford, using its hybrid test, gives <u>no</u> weight to the state law factor because <u>alone</u> it does not tip the balance in favor of a stay. *See* <u>Opposition of Hartford Fire Insurance Company to the Town of Weston's Motion to Stay</u>, p. 8. Hartford's test simply ignores the requirement of Colorado River that the state law factor must be weighed in "combination" with the other *Colorado River* factors. *See* 96 S.Ct. at 1247, 424 U.S. at 818-819.

Eschewing the Hartford hybrid test in favor of the analysis required under the *Colorado River* doctrine can only lead this Court to the conclusion that stay is appropriate here. In addition to the state law test weighing in favor of stay, what is perhaps the most important of the *Colorado River* factors – the danger of piecemeal litigation – weighs heavily in favor of a stay. *See Moses H. Cone Memorial Hospital*, 103 S.Ct. at 939, 460 U.S. at 19 ("paramount" consideration in *Colorado River* the danger of piecemeal litigation); *Moorer v. Demopolis Waterworks & Sewer Board*, 374 F.3d 994, 997 (11th Cir. 2004) ("the desire to avoid piecemeal adjudication was the driving force behind the dismissal in *Colorado River*.").

There is a significant danger here of piecemeal litigation. In the parallel State Court Action, Alexandra Construction ("Alexandra"), Hartford's principal, has asserted claims against Weston for breach of the underlying Construction Agreement. In support of its claims,

5

Alexandra alleges that Weston's project architect provided defective and deficient plans and specifications. Weston has filed cross-claims for indemnity and contribution against the project architect in the parallel State Court Action in response to Alexandra's claims. In its federal court matter, Hartford has also asserted claims against Weston for breach of the Construction Contract.

Inconsistent adjudication of the issues before both this Court and the state court could occur in a myriad of instances. If this Court were to find in Weston's favor on Hartford's claim of breach of the underlying Construction Contract – including Alexandra's claim that the project architect issued defective plans and specifications – that finding would not be binding on Alexandra in the parallel State Court Action. Weston would be forced to re-litigate the same issue in state court. Moreover, a real danger exists that the state court could rule against Weston on the breach of the Construction Contract issue, causing inconsistent judgments. Not only would there be inconsistent judgments, but Weston could be precluded – by <u>this</u> Court's finding that Weston did not issue defective and deficient plans and specifications, and, therefore, did not breach the Construction Contract – from asserting its claims for indemnification and contribution against the project architect in the parallel State Court Action. Thus, Weston would be liable in damages to Alexandra, but would be unable to recover its losses from the project architect.

Alternatively, if this Court were to find that Weston did breach the Construction Contract by virtue of the project architect's defective plans and specifications, that finding would binding on Weston, but not on the project architect. Weston could be precluded, by <u>this</u> Court's finding, from defending itself against Alexandra's claim for breach of the Construction Contract in the State Law Action. Moreover, Weston would still be forced to re-litigate the issue of defective plans and specifications in its cross-claims against the architect in the parallel State Court Action. If Weston were unsuccessful in its indemnification and contribution cross-claims against

6

the architect, Weston would be liable in damages to Alexandra, but again would be unable to recover its losses from the project architect in the State Court Action, despite <u>this</u> Court's finding that the project architect's plans and specifications were defective and deficient. Such "harsh" results are precisely those the First Circuit was careful to avoid in *Villa Marina Yacht Sales, Inc. v. Hatteras Yachts*. See 915 F.2d 7, 16 (1st Cir. 1990).

It is clear that the danger of piecemeal litigation and adjudication weighs heavily in favor of staying Hartford's federal action. In addition to the piecemeal litigation and state law factors, two (2) other of the remaining four (4) factors also weigh in favor of a stay. It is undisputed the state court took jurisdiction over the issue of the resolution of the disputes arising form the underlying Construction Contract a full year before Hartford filed this federal action also claiming that Weston breached the Construction Contract.

Finally, there is no doubt that the state court is able to adequately protect Hartford's rights, as all of Hartford's claims are state law claims. *See Moorer*, 374 F.3d at 997. Again, the fact that Hartford decided against raising its claim for breach of the Takeover Agreement in the State Court Action is irrelevant to whether the state court can adequately protect its rights. *See id.* (having right to present claims in state court adequately protects a party's rights). Moreover, as demonstrated above, Hartford has offered no support for its contention that it may be foreclosed from adding a counterclaim for breach of the Takeover Agreement in the State Court Action.

Therefore, four (4) of the six (6) *Colorado River* factors weigh in favor of staying Hartford's breach of contract claims. As Hartford admits, the final two (2) factors are irrelevant here and carry no weight on either side of the balance. *See* <u>Opposition of Hartford Fire Insurance Company to the Town of Weston's Motion to Stay</u>, p. 7. To avoid a stay, Hartford, in

its Opposition, was forced to misstate the *Colorado River* doctrine and fabricate its own hybrid test, with no legal support in the law. This Court should reconsider its denial of Weston's motion to stay Hartford's breach of contract claims to the extent that it relied on Hartford's Opposition.

### 3. Conclusion

When all is said and done, Hartford will suffer no harm from a stay of its federal action. On the other hand, Weston faces the significant danger of piecemeal litigation and adjudication if Hartford's federal action is not stayed, and will be forced to litigate the same issues and claims in two (2) forums simultaneously. Forcing these results on Weston flies in the face of the requirement articulated by the U.S. Supreme Court in *Colorado River* that this Court exercise "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *See* 96 S.Ct. at 1246, 424 U.S. at 817.

For the foregoing reasons, the Court should reconsider its denial of Weston's Motion to Stay.

Respectfully submitted,

TOWN OF WESTON
By its attorneys,

/ s / John P. Martin
Joseph A. Barra, BBO # 632534
jbarra@ghlaw.com
John P. Martin, BBO # 637667
jmartin@ghlaw.com
Gadsby Hannah LLP
225 Franklin Street
Boston, MA 02110
(617) 345-7000

Dated: February 21, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail.

By:    /s/ John P. Martin

Date:    February 21, 2006

B0446817v1