UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HARTFORD FIRE INSURANCE COMPANY,<br><br>　　　　Plaintiff,<br><br>v.<br><br>TOWN OF WESTON,<br><br>　　　　Defendant | CIVIL ACTION NO. 05-CV-11166-EFH |

**OPPOSITION OF HARTFORD FIRE INSURANCE COMPANY
TO THE TOWN OF WESTON'S MOTION FOR
RECONSIDERATION OF ITS MOTION TO STAY**

　　The plaintiff, Hartford Fire Insurance Company ("Hartford"), hereby opposes the defendant Town of Weston's ("Weston") Motion for Reconsideration of its Motion to Stay. Hartford respectfully urges that Weston has failed to present any basis which would justify this Court to vacate its January 25, 2006 Order denying Weston's Motion to Stay these proceedings. The Motion for Reconsideration is void of any new information, arguments or insights; rather, Weston simply rehashes the same unsuccessful arguments. Accordingly, the Court should deny Weston's Motion for Reconsideration of its Motion to Stay these proceedings.

**ARGUMENT**

　　Despite Weston's assertion to the contrary, the fact that Hartford did not assert any claims against Weston in the State Court Action, due to the prior pendency of this action, is hardly irrelevant to the Court's analysis. In addressing this issue, one court noted:

> Some courts, in determining whether state and federal proceedings are parallel, seem to consider how the state proceedings could have been brought in theory, i.e., what claims and parties could have been included had the federal plaintiff made a timely application to do so, and compare the theoretical state proceedings to the federal

2

> proceedings. We, however, believe that the better approach is to examine the state proceedings as they *actually exist* to determine whether they are parallel to the federal proceedings.

Fox v. Maulding, 16 F.3d 1079, 1081 (10th Cir. 1994) (citations omitted) (emphasis added); see also Crawley v. Hamilton County Commissioners, 744 F.2d 28, 31 (6th Cir. 1984) (issue is whether the state case, "as it currently exists, is a parallel, state-court proceeding"); McLaughlin v. United Virginia Bank, 955 F.2d 930, 935 (4th Cir. 1992) ("It cannot be said therefore that parallel duplicative proceedings exist in state court so as to present a Colorado River issue [where in addition to party differences, a breach of contract claim pending in the federal case is not pending, nor has it ever been pending, in any state court proceeding]").

Here, Hartford did not assert a counterclaim against Weston in the State Court Action, not for "tactical" reasons as suggested by Weston, but because Hartford had already asserted claims against Weston in this forum, by which it seeks resolution of a dispute between it and Weston arising out of the parties' performance under the Takeover Agreement.

Moreover, despite what may appear to result in a duplication of judicial resources, "[t]he rule is well recognized that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." McClellan v. Carland, 217 U.S. 268, 282 (1910). Indeed, with regard to parallel state and federal proceedings, the Supreme Court has held, over and over, that in the usual case the federal courts must hear the cases that fall within their jurisdiction. Id., citing Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817-18 (1976) (the duty to hear cases within the federal jurisdiction is "virtually unflagging"); Gordon v. Luksch, 887 F.2d 496, 497 (4th Cir. 1989) (abstention under Colorado River is appropriate "[o]nly in the most extraordinary circumstances"). As the Court stated in Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 25-26 (1983), "we emphasize that our task in cases such as this is not to find some substantial reason for the

3

exercise of federal jurisdiction by the district court; rather, the task is to ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' that can suffice under Colorado River to justify the surrender of that jurisdiction."

As demonstrated in Hartford's Opposition to Weston's Motion to Stay, no combination of factors in this case gives rise to exceptional circumstances warranting a stay of this action.

## CONCLUSION

Consistent with the forgoing, the Court correctly denied Weston's Motion to Stay. Accordingly, Hartford Fire Insurance Company respectfully requests that this Honorable Court deny the Town of Weston's Motion for Reconsideration of its Motion to Stay.

Respectfully submitted,

**HARTFORD FIRE INSURANCE COMPANY,**

By its attorneys,

/s/ Eric H. Loeffler
Bradford R. Carver, BBO #565396
Eric H. Loeffler, BBO #641289
Hinshaw & Culbertson LLP
One International Place, Third Floor
Boston, MA 02110
(617) 213-7000

## CERTIFICATE OF SERVICE

I, Eric H. Loeffler, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on March 8, 2006.

/s/ Eric H. Loeffler
Eric H. Loeffler, BBO #641289

34018387v1 856093