UNITED STATES DISTRICT COURT
For the District of Massachusetts

|  |  |
|---|---|
| HARTFORD FIRE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>TOWN OF WESTON,<br><br>Defendant. | C. A. No. 05-CV-11166-EFH |

### DEFENDANT TOWN OF WESTON'S MOTION TO FILE THIRD-PARTY COMPLAINT

Defendant Town of Weston ("Weston") moves the Court, pursuant to Fed. R. Civ. P. 14, to allow it to serve a Third-Party Complaint on the Design Partnership of Cambridge, Inc. (the "Design Partnership"). In further support of its Motion, Weston offers the following:

### I. FACTS

On or about February 14, 2000, Weston and the Design Partnership executed an agreement (the "Design Agreement") whereby the Design Partnership would perform architectural, engineering and other design services for Weston for the additions and renovations to the Country and Woodland Elementary Schools in Weston, Massachusetts ("Project"). The Design Partnership is a Massachusetts corporation with a principal place of business at 500 Rutherford Avenue, Charlestown Massachusetts.

On or about June 25, 2001, Weston entered into a contract (the "Construction Contract") with Jan Five Corporation d/b/a Alexandra Construction ("Alexandra") for the Project. Alexandra is a Massachusetts corporation with a principal place of business located at 109 Oak Street, Newton, Massachusetts.

Hartford, as surety and Alexandra, as principal, made, executed and delivered to Weston a Performance Bond No. 08BCSAV7773 dated June 25, 2001 (the "Bond"). The penal sum of the Bond is $27,677,000.00.

On or about July 1, 2004, Weston notified Alexandra and Hartford that it intended to terminate Alexandra if Alexandra failed to complete its work under the Construction Contract.

On or about July 12, 2004, Alexandra filed a complaint in Middlesex Superior Court, Commonwealth of Massachusetts (the "State Court Action"), claiming that Weston breached the Construction Contract. Alexandra also asserted claims against the Design Partnership alleging, among other things, "design errors."

On or about July 15, 2004, as a result of disputes that arose between Weston and Alexandra, Weston terminated the Construction Contract with Alexandra. Weston demanded that Hartford, as surety, arrange for completion of the Construction Contract pursuant to the terms of the Bond.

On or about September 3, 2004, Weston filed counterclaims against Alexandra in the State Court Action for breach of the Construction Contract, misrepresentation, and unfair and bad faith business practices in violation of M.G.L. c. 93A. Weston also asserted cross-claims against the Design Partnership for contribution and indemnification.

On or about November 18, 2004, with a reservation of rights by both parties, Weston and Hartford executed a Takeover Agreement to arrange for work to be performed in order to take steps to complete the Project. Pursuant to the Takeover Agreement, Hartford agreed, in conformance with the Construction Contract, to: (1) complete punch-list work on the Project; (2) complete other incomplete work on the Project not included on punch-lists; (3) repair certain defective work on the Project discovered after the completion of punch-lists; (4) perform

warranty work on the Project; and (5) perform certain landscaping work pursuant to the Construction Contract.

During the course of the work under the Takeover Agreement, disputes arose between Hartford and Weston concerning the scope of the work to be completed under the Takeover Agreement, the Construction Contract and other obligations of the parties under the Takeover Agreement. Weston terminated the Takeover Agreement on or about April 12, 2005.

On July 13, 2005, Weston filed a third-party complaint against Hartford in the State Court Action asserting, among other things, that Hartford breached the Takeover Agreement. Weston asserted a claim on the Bond.

On June 6, 2005, Hartford filed suit in this Court claiming that Weston breached the Construction Contract, the Takeover Agreement and the Bond. Included in Hartford's Complaint is a claim against Weston that the Design Partnership provided Alexandra with deficient plans and specifications for the Project. Hartford also requested a declaration by this Court that Weston breached the Construction Contract, the Takeover Agreement and the Bond.

On August 5, 2005, Weston filed its answer and counterclaims against Hartford asserting that Hartford breached the Takeover Agreement, and asserting a claim on the Bond.

On March 20, 2006, Weston filed its Motion to Amend its Counterclaim against Hartford to include a claim for breach of the Construction Contract against Hartford.

The Design Partnership will not be prejudiced by this motion as Weston has made the same claims against the Design Partnership in a parallel state court action involving the same parties. Moreover, no other parties will be prejudiced as the parties have not engaged in discovery.

A copy of the proposed Third-Party Complaint is attached hereto as *Exhibit A*.

II. **ARGUMENT**

    A. <u>**The Court should allow Weston's motion to serve a third-party complaint on the Design Partnership pursuant to Rule 14.**</u>

Rule 14 of the Federal Rules of Civil Procedure provides in relevant part:

> At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all of part of the plaintiff's claim against the third-party plaintiff.

*See* Fed. R. Civ. P. 14(a). Here, Weston's third-party claims against the Design Partnership are indemnification and contributions claims, which assert that the Design Partnership is liable for all or part of Hartford's claim against Weston. Hartford has asserted that Weston breached the Construction Contract by issuing defective drawings and specifications produced by the Design Partnership. Weston's claims are simply derivative of Hartford's claims against Weston. Therefore, Rule 14 authorizes Weston's third-party claims.

    B. <u>**The Court has supplemental jurisdiction over Weston's claims against Alexandra under 28 U.S.C. § 1367.**</u>

With limited exceptions:

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a); *ITT Commercial Finance v. Unlimited Automotive*, 814 F.Supp. 664, 668 (N.D.Ill. 1992). It is undisputed that the Court has original jurisdiction over this action by virtue of diversity. *See* 28 U.S.C. § 1332. The limits of supplemental jurisdiction under § 1367 are the constitutional limits of subject matter jurisdiction under Article III of the United States Constitution. *See Estate of Bruce v. City of Middletown*, 781 F.Supp. 1013, 1016 (S.D.N.Y.

4

1992). Third-party claims are expressly the type of claims that are so related to existing claims in an action that the third-party claims form part of the same case or controversy. *See* Fed. R. Civ. P. 14(a). Therefore, baring any statutory limitation, this Court has supplemental jurisdiction over Weston's third-party complaint against the Design Partnership.

The plain language of § 1367 limits supplemental jurisdiction only over "*plaintiffs* against 'persons made parties under Rule 14, 19, 20 or 24' and of parties who join or intervene as *plaintiffs* pursuant to Rule 19 or 24."[1] *Development Finance v. Alpha Housing & Health Care, Inc.*, 54 F.3d 156, 161 (3rd Cir. 1995) (emphasis in original) (*citing* 28 U.S.C.A. § 1367(b)). See also *Travelers Ins. Co. v. Intraco, Inc.*, 163 F.R.D. 554, 556 (S.D. Iowa 1995) ("Section (b) [of § 1367] prohibits claims by *plaintiffs* against joined parties that would defeat the principles of diversity jurisdiction.") (emphasis added). Therefore, Section 1367(b) does not prevent the exercise of supplemental jurisdiction over third-party claims made by defendants. *See In re Texas Eastern Transmission Corp. PCB Contamination Ins. Coverage Litigation*, 15 F.3d 1230, 1237-1238 (3rd Cir. 1994).

Because Weston's third-party claim against the Design Partnership is part of the same case or controversy as the instant matter, and because supplemental jurisdiction over the claim is not limited by 28 U.S.C. § 1367(b), this Court has jurisdiction over Weston's third-party complaint against the Design Partnership.

---

[1] Section 1367(b) states that:

> In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims **by plaintiffs** against persons made parties under Rule 14, 19, 20, or 24 of the Federal rules of Civil Procedure, or over claims **by persons proposed to be joined as plaintiffs** under Rule 19 of such rules, or seeking to intervene **as plaintiffs** under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

28 U.S.C. § 1367(b) (emphasis added).

III.  **CONCLUSION**

Because Weston's third-party claim is authorized by Rule 14, and because the Court has supplemental jurisdiction under 28 U.S.C. §1367, and because no parties will be prejudiced by the claim, the Court should allow Weston's motion to file a third-party complaint against the Design Partnership.

**REQUEST FOR HEARING**

Weston hereby request a hearing on its motion.

Respectfully submitted,

TOWN OF WESTON
By its attorneys,

/ s / John P. Martin
Joseph A. Barra, BBO # 632534
jbarra@ghlaw.com
John P. Martin, BBO # 637667
jmartin@ghlaw.com
Gadsby Hannah LLP
225 Franklin Street
Boston, MA  02110
(617) 345-7000

Dated:  March 29, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party, and on the attorney for The Design Partnership of Cambridge, Inc., by mail.

By:     / s / John P. Martin

Date:   March 29, 2006

UNITED STATES DISTRICT COURT
For the District of Massachusetts

|  |  |
|---|---|
| HARTFORD FIRE INSURANCE COMPANY,<br><br>            Plaintiff,<br><br>     v.<br><br>TOWN OF WESTON,<br><br>            Defendant. | C. A. No. 05-CV-11166-EFH |

## EXHIBIT A

## TO

## DEFENDANT TOWN OF WESTON'S MOTION TO FILE THIRD-PARTY COMPLAINT

UNITED STATES DISTRICT COURT
For the District of Massachusetts

| | |
|---|---|
| HARTFORD FIRE INSURANCE COMPANY,<br><br>          Plaintiff,<br><br>v.<br><br>TOWN OF WESTON,<br><br>          Defendant. | C. A. No. 05-CV-11166-EFH |
| TOWN OF WESTON,<br><br>          Third-Party Plaintiff,<br><br>v.<br><br>THE DESIGN PARTNERSHIP OF CAMBRIDGE,<br><br>          Third-Party Defendant. | |

## DEFENDANT TOWN OF WESTON'S THIRD-PARTY COMPLAINT AGAINST THE DESIGN PARTNERSHIP OF CAMBRIDGE, INC.

The Town of Weston ("Weston") serves this Third-Party Complaint on The Design Partnership of Cambridge, Inc. (the "Design Partnership") in response to claims asserted against Weston by Plaintiff Hartford Fire Insurance Company ("Hartford"). To the extent that Weston is liable to Hartford on any of Hartford's claims, the Design Partnership is liable to Weston for all or part of Hartford's claims.

Weston more fully sets out its claim as follows:

## Parties

1. The Town of Weston ("Weston") is organized pursuant to the laws of the Commonwealth of Massachusetts and has its main office at 378 Town House Road, Weston, MA. 02493. Additionally, the Town of Weston School Department has an office at 89 Wellesley Street, Weston, MA. 02493.

2. The Design Partnership of Cambridge, Inc. (the "Design Partnership") is a Massachusetts corporation with a principal place of business at 500 Rutherford Avenue, Charlestown Massachusetts.

## Facts

3. On or about February 14, 2000, Weston and the Design Partnership executed an agreement (the "Design Agreement") whereby the Design Partnership would perform architectural, engineering and other design services for Weston for the additions and renovations to the Country and Woodland Elementary Schools in Weston, Massachusetts ("Project").

4. On or about June 25, 2001, Jan Five Corporation d/b/a Alexandra Construction ("Alexandra") entered into a contract with the Town of Weston (the "Construction Contract") for the Project. Alexandra is a Massachusetts corporation with a principal place of business located at 109 Oak Street, Newton, Massachusetts.

5. Hartford Fire Insurance Co. ("Hartford"), as surety and Alexandra, as principal, made, executed and delivered to Weston a Performance Bond No. 08BCSAV7773 dated June 25, 2001 (the "Bond"). The penal sum of the Bond is $27,677,000.00.

6. On or about July 1, 2004, Weston notified Alexandra and Hartford that it intended to terminate Alexandra if Alexandra failed to complete its work under the Construction Contract.

7. On or about July 12, 2004, Alexandra filed a complaint in Middlesex Superior Court, Commonwealth of Massachusetts (the "State Court Action"), claiming that Weston

breached the Construction Contract. Alexandra also asserted claims against the Design Partnership alleging, among other things, "design errors."

8. On or about July 15, 2004, as a result of disputes that arose between Weston and Alexandra, Weston terminated the Construction Contract with Alexandra. Weston demanded that Hartford, as surety, arrange for completion of the Construction Contract pursuant to the terms of the Bond.

9. On or about September 3, 2004, Weston filed counterclaims against Alexandra in the State Court Action for breach of the Construction Contract, misrepresentation, and unfair and bad faith business practices in violation of M.G.L. c. 93A. Weston also asserted cross-claims against the Design Partnership for contribution and indemnification.

10. On or about November 18, 2004, with a reservation of rights by both parties, Weston and Hartford executed a Takeover Agreement to arrange for work to be performed in order to take steps to complete the Project. Pursuant to the Takeover Agreement, Hartford agreed, in conformance with the Construction Contract, to: (1) complete punch-list work on the Project; (2) complete other incomplete work on the Project not included on punch-lists; (3) repair certain defective work on the Project discovered after the completion of punch-lists; (4) perform warranty work on the Project; and (5) perform certain landscaping work pursuant to the Construction Contract.

11. During the course of the work under the Takeover Agreement, disputes arose between Hartford and Weston concerning the scope of the work to be completed under the Takeover Agreement, the Construction Contract and other obligations of the parties under the Takeover Agreement. Weston terminated the Takeover Agreement on or about April 12, 2005.

12. On June 6, 2005, Hartford filed suit in this Court claiming that Weston breached the Construction Contract, the Takeover Agreement and the Bond. Included in Hartford's Complaint is a claim against Weston that the Design Partnership provided Alexandra with deficient plans and specifications for the Project. Hartford also requested a declaration by this Court that Weston breached the Construction Contract, the Takeover Agreement and the Bond.

13. On August 5, 2005, Weston filed its answer and counterclaims against Hartford asserting that Hartford breached the Takeover Agreement, and asserting a claim on the Bond.

14. On March 20, 2006, Weston filed its Motion to Amend its Counterclaim against Hartford to include a claim for breach of the Construction Contract against Hartford.

15. If Hartford sustained any damages in the manner set forth in the Complaint through any conduct other than its own, such damages were sustained by reason of the sole active and primary negligence, carelessness, recklessness and/or affirmative acts of omission or commission by the Design Partnership, its agents, servants and/or employees without any active or affirmative negligence on the part of Weston contributing thereto.

## COUNT I

### (Indemnification and Contribution)

16. By reason of the foregoing, the Design Partnership will be liable to Weston under the doctrines of apportionment, contribution and/or indemnification (both contractual and implied) for the full amount of any verdict and judgment, or for a proportionate share thereof, that Hartford may recover against Weston including, but not limited to, the costs of investigation and attorneys' fees and disbursements incurred in the defense of this action and the prosecution of this third-party claim.

**WHEREFORE,** the Town of Weston demands judgment:

A. Against the Design Partnership on Weston's Third-Party claims;

B. Awarding Weston the costs and disbursements of this action; and

C. For such other, further and different relief as this Court deems just and proper.

## JURY DEMAND

The Town of Weston hereby demands a trial by jury on Hartford's claims, and Weston's counterclaims.

                THE TOWN OF WESTON
                By its attorneys,

                / s / John P. Martin
                Joseph A. Barra, BBO # 632534
                jbarra@ghlaw.com
                John P. Martin, BBO # 637667
                jmartin@ghlaw.com
                Gadsby Hannah LLP
                225 Franklin Street
                Boston, MA  02110
Dated: March 29, 2006      (617) 345-7000