UNITED STATES DISTRICT COURT
For the District of Massachusetts

|  |  |  |
|---|---|---|
| HARTFORD FIRE INSURANCE COMPANY, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C. A. No. 05-CV-11166-EFH |
| TOWN OF WESTON, | ) ) | |
| Defendant. | ) ) | |
| TOWN OF WESTON, | ) ) | |
| Third-Party Plaintiff, | ) ) | |
| v. | ) ) | |
| THE DESIGN PARTNERSHIP OF CAMBRIDGE, | ) ) ) | |
| Third-Party Defendant. | ) ) ) | |

## DEFENDANT TOWN OF WESTON'S THIRD-PARTY COMPLAINT AGAINST THE DESIGN PARTNERSHIP OF CAMBRIDGE, INC.

The Town of Weston ("Weston") serves this Third-Party Complaint on The Design Partnership of Cambridge, Inc. (the "Design Partnership") in response to claims asserted against Weston by Plaintiff Hartford Fire Insurance Company ("Hartford"). To the extent that Weston is liable to Hartford on any of Hartford's claims, the Design Partnership is liable to Weston for all or part of Hartford's claims.

Weston more fully sets out its claim as follows:

## Parties

1.      The Town of Weston ("Weston") is organized pursuant to the laws of the Commonwealth of Massachusetts and has its main office at 378 Town House Road, Weston, MA. 02493.  Additionally, the Town of Weston School Department has an office at 89 Wellesley Street, Weston, MA. 02493.

2.      The Design Partnership of Cambridge, Inc. (the "Design Partnership") is a Massachusetts corporation with a principal place of business at 500 Rutherford Avenue, Charlestown Massachusetts.

## Facts

3.      On or about February 14, 2000, Weston and the Design Partnership executed an agreement (the "Design Agreement") whereby the Design Partnership would perform architectural, engineering and other design services for Weston for the additions and renovations to the Country and Woodland Elementary Schools in Weston, Massachusetts ("Project").

4.      On or about June 25, 2001, Jan Five Corporation d/b/a Alexandra Construction ("Alexandra") entered into a contract with the Town of Weston (the "Construction Contract") for the Project.  Alexandra is a Massachusetts corporation with a principal place of business located at 109 Oak Street, Newton, Massachusetts.

5.      Hartford Fire Insurance Co. ("Hartford"), as surety and Alexandra, as principal, made, executed and delivered to Weston a Performance Bond No. 08BCSAV7773 dated June 25, 2001 (the "Bond").  The penal sum of the Bond is $27,677,000.00.

6.      On or about July 1, 2004, Weston notified Alexandra and Hartford that it intended to terminate Alexandra if Alexandra failed to complete its work under the Construction Contract.

2

7.     On or about July 12, 2004, Alexandra filed a complaint in Middlesex Superior Court, Commonwealth of Massachusetts (the "State Court Action"), claiming that Weston breached the Construction Contract.  Alexandra also asserted claims against the Design Partnership alleging, among other things, "design errors."

8.     On or about July 15, 2004, as a result of disputes that arose between Weston and Alexandra, Weston terminated the Construction Contract with Alexandra.  Weston demanded that Hartford, as surety, arrange for completion of the Construction Contract pursuant to the terms of the Bond.

9.     On or about September 3, 2004, Weston filed counterclaims against Alexandra in the State Court Action for breach of the Construction Contract, misrepresentation, and unfair and bad faith business practices in violation of M.G.L. c. 93A.  Weston also asserted cross-claims against the Design Partnership for contribution and indemnification.

10.     On or about November 18, 2004, with a reservation of rights by both parties, Weston and Hartford executed a Takeover Agreement to arrange for work to be performed in order to take steps to complete the Project.  Pursuant to the Takeover Agreement, Hartford agreed, in conformance with the Construction Contract, to:  (1) complete punch-list work on the Project; (2) complete other incomplete work on the Project not included on punch-lists; (3) repair certain defective work on the Project discovered after the completion of punch-lists; (4) perform warranty work on the Project; and (5) perform certain landscaping work pursuant to the Construction Contract.

11.     During the course of the work under the Takeover Agreement, disputes arose between Hartford and Weston concerning the scope of the work to be completed under the

Takeover Agreement, the Construction Contract and other obligations of the parties under the Takeover Agreement.  Weston terminated the Takeover Agreement on or about April 12, 2005.

12.    On June 6, 2005, Hartford filed suit in this Court claiming that Weston breached the Construction Contract, the Takeover Agreement and the Bond.  Included in Hartford's Complaint is a claim against Weston that the Design Partnership provided Alexandra with deficient plans and specifications for the Project.  Hartford also requested a declaration by this Court that Weston breached the Construction Contract, the Takeover Agreement and the Bond.

13.    On August 5, 2005, Weston filed its answer and counterclaims against Hartford asserting that Hartford breached the Takeover Agreement, and asserting a claim on the Bond.

14.    On March 20, 2006, Weston filed its Motion to Amend its Counterclaim against Hartford to include a claim for breach of the Construction Contract against Hartford.

15.    If Hartford sustained any damages in the manner set forth in the Complaint through any conduct other than its own, such damages were sustained by reason of the sole active and primary negligence, carelessness, recklessness and/or affirmative acts of omission or commission by the Design Partnership, its agents, servants and/or employees without any active or affirmative negligence on the part of Weston contributing thereto.

## COUNT I

### (Indemnification and Contribution)

16.    By reason of the foregoing, the Design Partnership will be liable to Weston under the doctrines of apportionment, contribution and/or indemnification (both contractual and implied) for the full amount of any verdict and judgment, or for a proportionate share thereof, that Hartford may recover against Weston including, but not limited to, the costs of investigation and attorneys' fees and disbursements incurred in the defense of this action and the prosecution of this third-party claim.

**WHEREFORE,** the Town of Weston demands judgment:

A.     Against the Design Partnership on Weston's Third-Party claims;

B.     Awarding Weston the costs and disbursements of this action; and

C.     For such other, further and different relief as this Court deems just and proper.


### JURY DEMAND

The Town of Weston hereby demands a trial by jury on Hartford's claims, and Weston's counterclaims.

THE TOWN OF WESTON
By its attorneys,


/ s / Joseph A. Barra
Joseph A. Barra, BBO # 632534
jbarra@seyfarth.com
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA  02210
Dated:  June 14, 2006                    (617) 946-4800


Certificate of Service

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on June 14, 2006.

/s/  Joseph A. Barra


5