UNITED STATES DISTRICT COURT
For the District of Massachusetts

| | |
|---|---|
| **Hartford Fire Insurance Company,** <br> **Plaintiff** | ) <br> ) <br> ) |
| **v.** | ) <br> ) |
| **Town of Weston,** <br> **Defendant** | ) C.A. No. 1:05-CV-11166-EFH <br> ) <br> ) |
| **v** | ) <br> ) |
| **Jan Five Corp. d/b/a Alexandra Construction,** <br> **Counterclaim Defendant** | ) <br> ) |

**JAN FIVE CORP. D/B/A ALEXANDRA CONSTRUCTION'S ANSWER TO TOWN OF WESTON'S COUNTERCLAIM, JAN FIVE CORP. D/B/A ALEXANDRA CONSTRUCTION'S COUNTERCLAIM AGAINST THE TOWN OF WESTON AND JAN FIVE CORP. D/B/A ALEXANDRA CONSTRUCTION'S CROSS-CLAIM AGAINST THE DESIGN PARTNERSHIP OF CAMBRIDGE**

**Parties**

1. Admits

2. Admits

**Facts**

3. Admits

4. Alexandra admits that it has received over $28,677,000.00 in payments from the Town of Weston but it denies the balance of the allegations.

5. Denied

6. a-q.   Denied

7. Denied

8. Alexandra admits that Weston purported to terminate its contract in July 2004 but denies the balance of the allegations. Alexandra further answers that Weston's purported termination was ineffective and that Weston was itself in breach of contract at the time of the purported termination.

## Count I
### (Breach of Contract)

9.  Alexandra repeats its answers to paragraphs 1 through 8 of Plaintiff's Counterclaim as though fully set forth herein.

10. Denied

11. a. – j.  Denied

Wherefore, Jan Five Corp. d/b/a Alexandra Construction respectfully requests that this Honorable Court enter judgment for it on all Counts of the Town of Weston's Counterclaim, that the Town of Weston's Counterclaim be dismissed, that it be awarded costs, attorney's fees and such other and further relief as this Court deems just and fair.

## Count II
### (Breach of Contract)

12. Alexandra repeats its answers to paragraphs 1 through 11 of Plaintiff's Counterclaim as though fully set forth herein.

13. Paragraph 13 of Plaintiff's Complaint contains conclusions of law to which no response is required.  To the extent a response is required Alexandra admits that the contract provided that time was of the essence.  Alexandra further answers that the contract at issue is a written document the contents of which speak for themselves and the interpretation of which is a matter of law.

14. Paragraph 14 of Plaintiff's Complaint contains conclusions of law to which no response is required.  To the extent a response is required Alexandra admits that the contract has liquidated damages provisions but denies the balance of the allegations.  Alexandra further answers that the contract at issue is a written document the contents of which speak for themselves and the interpretation of which is a matter of law.

15. Denied

16. Denied

17. Denied

Wherefore, Jan Five Corp. d/b/a Alexandra Construction respectfully requests that this Honorable Court enter judgment for it on all Counts of the Town of Weston's

Counterclaim, that the Town of Weston's Counterclaim be dismissed, that it be awarded costs, attorney's fees and such other and further relief as this Court deems just and fair.

### Count III
### (Breach of Implied Covenant of Good Faith and Fair Dealing, Mass. G.L. c. 93A)

18. Alexandra repeats its answers to paragraphs 1 through 17 of Plaintiff's Counterclaim as though fully set forth herein.

19. Paragraph 19 of Plaintiff's Complaint contains conclusions of law to which no response is required. To the extent a response is required Alexandra denies the allegations and calls on Plaintiff to prove same.

20. Paragraph 20 of Plaintiff's Counterclaim contains conclusions of law to which no response is required. To the extent a response is required Alexandra admits that there is implied in the contract a covenant of good faith and fair dealing but it denies the balance of the allegations. Alexandra further answers that the interpretation of the contract is a matter of law.

21. a. – d.  Denied

22. Denied

Wherefore, Jan Five Corp. d/b/a Alexandra Construction respectfully requests that this Honorable Court enter judgment for it on all Counts of the Town of Weston's Counterclaim, that the Town of Weston's Counterclaim be dismissed, that it be awarded costs, attorney's fees and such other and further relief as this Court deems just and fair.

### Count IV
### (Breach of Warranty, Mass.G.L. c. 93A)

23. Alexandra repeats its answers to paragraphs 1 through 22 of Plaintiff's Counterclaim as though fully set forth herein.

24. Paragraph 24 of Plaintiff's Counterclaim contains conclusions of law to which no response is required. To the extent a response is required Alexandra admits that the contract provides for certain warranty obligations but denies the balance of the allegations. Alexandra further answers that the contract at issue is a written document the contents of which speak for themselves and the interpretation of which is a matter of law.

25. Denied

26. a. – f.  Denied

27. Denied.

Wherefore, Jan Five Corp. d/b/a Alexandra Construction respectfully requests that this Honorable Court enter judgment for it on all Counts of the Town of Weston's Counterclaim, that the Town of Weston's Counterclaim be dismissed, that it be awarded costs, attorney's fees and such other and further relief as this Court deems just and fair.

## Count V.
### (Fraud, Deceit, Misrepresentation, Mass.G.L.c. 93A)

28. Alexandra repeats its answers to paragraphs 1 through 27 of Plaintiff's Counterclaim as though fully set forth herein.

29. Denied

30. Denied

31. Denied

32. Denied

Wherefore, Jan Five Corp. d/b/a Alexandra Construction respectfully requests that this Honorable Court enter judgment for it on all Counts of the Town of Weston's Counterclaim, that the Town of Weston's Counterclaim be dismissed, that it be awarded costs, attorney's fees and such other and further relief as this Court deems just and fair.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff in Counterclaim has failed to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiff in Counterclaim's claims may be barred or limited by its failure to comply strictly with the terms of the contract which is sought to be enforced.

### THIRD AFFIRMATIVE DEFENSE

The Plaintiff in Counterclaim's claims may be barred or limited by the doctrine of waiver, estoppel and/or release.

**FOURTH AFFIRMATIVE DEFENSE**

The Plaintiff in Counterclaim's claims may be barred or limited to the extent it materially and willfully breached its contract with Alexandra.

**FIFTH AFFIRMATIVE DEFENSE**

Any damages allegedly incurred by the Plaintiff in Counterclaim may have resulted from the acts and/or omissions of those over whom Alexandra has no control.

**SIXTH AFFIRMATIVE DEFENSE**

The Plaintiff in Counterclaim's right of recovery in this case is barred or limited to the extent that the Plaintiff in Counterclaim did not satisfy the conditions precedent set forth in the contract and/or applicable statutes.

**SEVENTH AFFIRMATIVE DEFENSE**

The Plaintiff in Counterclaim's claims may be barred or limited to the extent it failed to give timely and proper notice, or failed to comply with applicable limitations periods.

**EIGHT AFFIRMATIVE DEFENSE**

Plaintiff in Counterclaim's claims may be barred or limited because Defendant in Counterclaim substantially completed its contract work.

**NINETH AFFIRMATIVE DEFENSE**

Plaintiff in Counterclaim's claims are barred by the equitable doctrine of unclean hands.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff in Counterclaim's claims may be barred or limited because the Defendant has failed to mitigate its damages

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff in Counterclaim's claim is an over-exaggeration of its alleged damages, is in bad faith and renders its claims against Alexandra void.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff in Counterclaim is barred from collecting both liquidated and actual damages.

Wherefore, Jan Five Corp. d/b/a Alexandra Construction respectfully requests that this Honorable Court enter judgment for it on all Counts of the Town of Weston's

Counterclaim, that the Town of Weston's Counterclaim be dismissed, that it be awarded costs, attorney's fees and such other and further relief as this Court deems just and fair.

## JAN FIVE CORP. D/B/A ALEXANDRA CONSTRUCTION'S COUNTERCLAIM AGAINST THE PLAINTIFF IN COUNTERCLAIM, TOWN OF WESTON

### Parties

1. Plaintiff, Jan Five Corp. d/b/a Alexandra Construction, (hereinafter "Alexandra") is a Massachusetts corporation with a usual place of business located at 109 Oak Street, Newton, Massachusetts.

2. Defendant, Town of Weston, (hereinafter "Weston") is a body politic organized and existing pursuant to the laws of the Commonwealth of Massachusetts with a usual place of business located at 89 Wellesley Street, Weston, Massachusetts.

### Facts

3. On or about June 25, 2001, Alexandra as general contractor and Weston as the Owner entered into a written agreement for the construction of the "Addition and Renovations to the Country and Woodland Schools (hereinafter referred to as the "Project").

4. The total amount of Alexandra's contract with Weston was $28,677,000.00.

5. Alexandra performed additional work at Weston's request whereby Weston and Alexandra agreed to increase the contract value by $910,867.00.

6. Alexandra and its subcontractors performed additional work on behalf of Weston, which Weston has not accepted and/or acknowledged, in the amount of $908,090.00.

7. Alexandra and its subcontractors have performed work on the Project with a total value of $30,495,957.00.

8. Weston has made payments to Alexandra totaling $28,710,848.00.

### Count One
### (Breach of Contract v. Weston)

9. Alexandra repeats and realleges the allegations contained in paragraphs 1 through 8 of its Complaint as if fully set forth herein.

10. Alexandra has substantially completed it work on the Project.

11. Alexandra has repeatedly demanded payment from Weston and Weston has failed, refused and/or neglected to make payment to Alexandra.

12. Weston has breached its contract with Alexandra by, among other things, failing, refusing and/or neglecting to make payment as required by the contract, by failing, refusing and/or neglecting to grant reasonable time extensions for additional work performed by Alexandra, by failing, refusing and/or neglecting to provide change orders for additional work performed by Alexandra, by taking improper credits, by claiming damages against Alexandra that Weston knows Alexandra is not liable for, by claiming liquidated and actual damages, by wrongfully withholding payments from Alexandra based upon inaccurate and deceptive punch lists and by wrongfully terminating Alexandra's contract without justification.

13. Weston has no legal justification for withholding payment from Alexandra.

14. Alexandra has suffered substantial damages as a result of Weston's breaches.

> Wherefore, Alexandra Construction demands that judgment be entered against Weston for the full amount of its damages as determined by this Court, together with costs, attorney's fees and such other and further relief as this Court deems just and fair.

## Count II
### (Quantum Meruit v. Weston)

15. Alexandra repeats and realleges the allegations contained in paragraphs 1 through 14 of its Complaint as if fully set forth herein.

16. Alexandra has provided work, labor, materials and equipment on the Project having a fair and reasonable value of $30,495,957.00 and has received payment from Weston in the amount of $28,710,848.00.

17. Alexandra is entitled to the balance of $1,785,109,.00.

Wherefore, Alexandra Construction demands that judgment be entered against Weston for the full amount of its damages as determined by this Court, together with costs, attorney's fees and such other and further relief as this Court deems just and fair.

## JAN FIVE CORP. D/B/A ALEXANDRA CONSTRUCTION'S CROSS-CLAIM AGAINST THE DESIGN PARTNERSHIP OF CAMBRIDGE

### Parties

1. Plaintiff in Cross-Claim, Jan Five Corp. d/b/a Alexandra Construction, (hereinafter "Alexandra") is a Massachusetts corporation with a usual place of business located at 109 Oak Street, Newton, Massachusetts.

2. Defendant in Cross-Claim, Design Partnership of Cambridge, Inc. (hereinafter "DPC") is a Massachusetts corporation with a usual place of business located at 500 Rutherford Avenue, Charlestown, Massachusetts.

### Facts

3. On or about June 25, 2001, Alexandra as general contractor and Weston as the Owner entered into a written agreement for the construction of the "Addition and Renovations to the Country and Woodland Schools (hereinafter referred to as the "Project").

4. DPC was the designer of the Project and, at all times relevant hereto, was the Project architect who was responsible for administering the Project on behalf of the Town of Weston, including but not limited to certifying applications for payment and the preparation and review of punch lists.

5. The total amount of Alexandra's contract with Weston was $28,677,000.00.

6. Alexandra performed additional work at Weston's request whereby Weston and Alexandra agreed to increase the contract value by $910,867.00.

7. Alexandra and its subcontractors performed additional work on behalf of Weston, which Weston has not accepted and/or acknowledged, in the amount of $908,090.00.

8. Alexandra and its subcontractors have performed work on the Project with a total value of $30,495,957.00.

9. Weston has made payments to Alexandra totaling $28,710,848.00.

### Count I
### (M.G.L.A. c. 93A v. DPC)

10. Alexandra repeats and realleges the allegations contained in paragraphs 1 through 9 of its Cross-Claim as if fully set forth herein.

11. Alexandra and DPC are both engaged in business in accordance with M.G.L. c. 93A.

12. During the course of the Project, DPC issued a monetized punch list that contained a substantial number of items that DPC knew were already complete and/or were not part of Alexandra's scope of work.

13. DPC issued the monetized punch list for the purpose of justifying not paying Alexandra on the Project.

14. DPC intentionally did not review the punch list, and it inflated the values on the punch list for the purpose of justifying not paying Alexandra on the Project.

15. DPC has wrongfully and intentionally refused to remove the items from the monetized punch list that it knows were not in Alexandra's scope of work.

16. DPC has wrongfully and intentionally refused to certify Alexandra's applications for payment.

17. DPC's actions were taken in bad faith and are in violation of M.G.L. c. 93A.

18. As a result of DPC's bad faith actions, Alexandra has suffered substantial damages.

Wherefore, Jan Five Corp. d/b/a Alexandra Construction demands that judgment be entered against DPC for the full amount of its damages as determined by this Court, together with costs, attorney's fees, treble damages and such other and further relief as this Court deems just and fair.

## Count II
### (Contractual Interference v. DPC)

19. Alexandra repeats and realleges the allegations contained in paragraphs 1 through 18 of its Cross-Claim as if fully set forth herein.

20. DPC was under contract to Weston to provide design and architectural administration services for the Project.

21. As a result of its contract with Weston, DPC was aware of Alexandra's contract with Weston.

22. As part of its contract administration services on the Project, DPC was required to issue punch lists, change orders and to certify Alexandra's applications for payment.

23. During the course of the Project, DPC wrongfully and intentionally interfered with Alexandra's contract with Weston by issuing punch lists with inflated values, by issuing inaccurate and deceptive punch lists that contained numerous items that had already been completed and/or were not in Alexandra's scope of work, by not certifying Alexandra's applications for payment in an amount that accurately reflected the amount of work completed and by not issuing change orders for work performed by Alexandra Construction that DPC knew was not in Alexandra's scope of work.

24. DPC wrongfully and intentionally took these actions so that it would be able to gain an advantage in its own contract dispute with Weston by hiding and/or minimizing its own design and contract administration errors.

25. DPC's wrongful and intentional actions caused Weston to breach its contract with Alexandra by not paying Alexandra in a timely manner, by not paying Alexandra for work performed, by not paying Alexandra for additional work performed that was beyond Alexandra's scope of work, by Weston wrongfully withholding payments from Alexandra based upon the inaccurate and deceptive punch lists issued by DPC and by Weston failing, refusing and/or neglecting to grant reasonable contract time extensions to Alexandra due to the numerous design changes issued by DPC during the course of the Project.

26. As a direct result of DPC's actions, Alexandra suffered and continues to suffer substantial damages.

Wherefore, Jan Five Corp. d/b/a Alexandra Construction demands that judgment be entered against DPC for the full amount of its damages as determined by this Court, together with costs, attorney's fees, treble damages and such other and further relief as this Court deems just and fair.

**Jan Five Corp. d/b/a Alexandra Construction demands a trial by jury on all claims and counterclaims.**


Respectfully submitted,


_____/s/ Scott K. DeMello_____
Scott K. DeMello (BBO# 566981)
Lepizzera & Laprocina
980 Washington Street, Suite 218
Dedham, MA  02026

Dated: June 29, 2006

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on June 29, 2006.


\_\_\_\_/s/ Scott K. DeMello_____