UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

HARTFORD FIRE INSURANCE
COMPANY,

        Plaintiff,

v.

TOWN OF WESTON,

        Defendant.

CIVIL ACTION NO. 1:05-CV-11166-EFH

## HARTFORD FIRE INSURANCE COMPANY'S ANSWER TO THE TOWN OF WESTON'S AMENDED COUNTERCLAIM

The defendant, Hartford Fire Insurance Company ("Hartford"), for its answer to the Town of Weston's ("Weston") Amended Counterclaim states as follows:

### PARTIES

1. Hartford is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Counterclaim.

2. Hartford admits that it is a Connecticut corporation which is authorized to issue surety bonds in the Commonwealth of Massachusetts, with its principal place of business in Hartford, Connecticut. All remaining allegations are denied.

### FACTS

3. Upon information and belief, Hartford admits that Weston awarded the contract for the Project to Alexandra.

4. Hartford denies the allegations contained in Paragraph 4 of the Counterclaim.

5. Hartford denies the allegations contained in Paragraph 5 of the Counterclaim.

6.     Hartford states that the Contract is a written document, the terms of which are self-explanatory and the interpretation of which is a matter of law.  Hartford denies the allegations in this Paragraph to the extent they modify or deviate from the terms of the Contract.

7.     Hartford admits that it issued a surety performance bond on behalf of Alexandra, as principal, relative to the Project and, further answering, states that the Bond is a written document, the terms of which are self-explanatory and the interpretation of which is a matter of law.  Hartford denies the allegations in this Paragraph to the extent they modify or deviate from the terms of the Bond.

8.     Hartford states that the Contract is a written document, the terms of which are self-explanatory and the interpretation of which is a matter of law.  Hartford denies the allegations in this Paragraph to the extent they modify or deviate from the terms of the Contract. Further answering, Hartford denies the allegations contained in the second sentence of Paragraph 8 of the Counterclaim.

9.     Hartford denies the allegations contained in Paragraph 9 of the Counterclaim.

10.    Hartford is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 10.  Hartford admits that Weston provided it with a copy of a letter dated July 1, 2004 that Weston purportedly sent to Alexandra.

11.    Hartford denies the allegations contained in Paragraph 11 of the Counterclaim.

12.    Hartford is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Counterclaim.

13.    Hartford admits that, on or about July 26, 2004, it received an undated letter from Weston notifying Hartford that Weston had terminated its Contract with Alexandra and

demanding that Hartford fulfill its obligations under the Bond. Further answering, Hartford is without knowledge or information sufficient to form a belief as to whether Weston sent the letter on or about July 15, 2004.

14. Hartford denies the allegations contained in Paragraph 14 of the Counterclaim.

15. Hartford is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Counterclaim.

16. Hartford denies the allegations contained in Paragraph 16 of the Counterclaim.

17. Hartford denies the allegations contained in Paragraph 17 of the Counterclaim.

18. Hartford is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Counterclaim.

19. Hartford denies the allegations contained in Paragraph 19 of the Counterclaim.

20. Hartford denies the allegations contained in Paragraph 20 of the Counterclaim.

21. Hartford admits that it entered into a Takeover Agreement with Weston on or about November 18, 2005 and, further answering, states that the Takeover Agreement is a written document, the terms of which are self-explanatory and the interpretation of which is a matter of law. Hartford denies the allegations in this Paragraph to the extent they modify or deviate from the terms of the Takeover Agreement.

22. Hartford states that the Takeover Agreement is a written document, the terms of which are self-explanatory and the interpretation of which is a matter of law. Hartford denies the allegations in this Paragraph to the extent they modify or deviate from the terms of the Takeover Agreement.

23. Hartford states that the Takeover Agreement is a written document, the terms of which are self-explanatory and the interpretation of which is a matter of law. Hartford denies the

allegations in this Paragraph to the extent they modify or deviate from the terms of the Takeover Agreement.

24. Hartford states that the Contract is a written document, the terms of which are self-explanatory and the interpretation of which is a matter of law. Hartford denies the allegations in this Paragraph to the extent they modify or deviate from the terms of the Contract.

25. Hartford states that the Takeover Agreement is a written document, the terms of which are self-explanatory and the interpretation of which is a matter of law. Hartford denies the allegations in this Paragraph to the extent they modify or deviate from the terms of the Takeover Agreement. Further answering, Hartford is without knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of Paragraph 25.

26. Hartford states that the Takeover Agreement is a written document, the terms of which are self-explanatory and the interpretation of which is a matter of law. Hartford denies the allegations in this Paragraph to the extent they modify or deviate from the terms of the Takeover Agreement.

27. Hartford states that the Takeover Agreement is a written document, the terms of which are self-explanatory and the interpretation of which is a matter of law. Hartford denies the allegations in this Paragraph to the extent they modify or deviate from the terms of the Takeover Agreement.

28. Hartford admits that it retained Alexandra to perform the Scope of Work under the Takeover Agreement, but denies that it did so over the objection of Weston.

29. Hartford denies the allegations contained in Paragraph 29 of the Counterclaim.

30. Hartford denies the allegations contained in Paragraph 30 of the Counterclaim.

31. Hartford denies the allegations contained in Paragraph 31 of the Counterclaim.

32. Hartford denies the allegations contained in Paragraph 32 of the Counterclaim.

33. Hartford admits the letter but denies and disagrees with the contents thereof and, further answering, states that the letter is a written document, the terms of which are self-explanatory.

34. Hartford denies the allegations contained in Paragraph 34 of the Counterclaim.

35. Hartford denies the allegations contained in Paragraph 35 of the Counterclaim.

36. Hartford admits that a meeting occurred on January 13, 2005, but denies Weston's characterization of the purpose of the meeting.

37. Hartford denies the allegations contained in Paragraph 37 of the Counterclaim.

38. Hartford denies the allegations contained in Paragraph 38 of the Counterclaim.

39. Hartford admits that Weston, through counsel, sent a letter regarding the January 13, 2005 meeting and, further answering, Hartford states that the letter is a written document, the terms of which are self-explanatory.

40. Hartford denies the allegations contained in Paragraph 40 of the Counterclaim.

41. Hartford admits the letter but denies and disagrees with the contents thereof and, further answering, states that the letter is a written document, the terms of which are self-explanatory.

42. Hartford denies the allegations contained in Paragraph 42 of the Counterclaim.

43. Hartford denies the allegations contained in Paragraph 43 of the Counterclaim.

44. Hartford denies the allegations contained in Paragraph 44 of the Counterclaim.

45. Hartford denies the allegations contained in Paragraph 45 of the Counterclaim.

46. Hartford admits that Weston sent it a letter dated April 12, 2005 and, further answering, Hartford states that the letter is a written document, the terms of which are self-explanatory.

47. Hartford denies the allegations contained in Paragraph 47 of the Counterclaim.

48. Hartford admits that Weston sent it a letter dated April 15, 2005 and, further answering, Hartford states that the letter is a written document, the terms of which are self-explanatory.

49. Hartford denies the allegations contained in Paragraph 49 of the Counterclaim.

50. Hartford denies the allegations contained in Paragraph 50 of the Counterclaim.

51. Hartford denies the allegations contained in Paragraph 51 of the Counterclaim.

## COUNT I

### (Claim on Bond)

52. Hartford hereby incorporates its Answers to Paragraphs 1 through 51 above as if fully set forth herein.

53. Hartford denies the allegations contained in Paragraph 53 of the Counterclaim.

54. Hartford denies the allegations contained in Paragraph 54 of the Counterclaim.

55. Hartford states that the Takeover Agreement is a written document, the terms of which are self-explanatory and Hartford denies the allegations in this Paragraph to the extent they modify or deviate from the terms of the Takeover Agreement. All remaining inconsistent allegations are denied.

56. Hartford denies the allegations contained in Paragraph 56 of the Counterclaim.

57. Hartford is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 of the Counterclaim.

58. Hartford denies the allegations contained in Paragraph 58 of the Counterclaim.

## COUNT II

**(Breach of Contract)**

59. Hartford hereby incorporates its Answers to Paragraphs 1 through 58 above as if fully set forth herein.

60. Hartford states that the Takeover Agreement is a written document, the terms of which are self-explanatory and the interpretation of which is a matter of law. Hartford denies the allegations in this Paragraph to the extent they modify or deviate from the terms of the Takeover Agreement.

61. Hartford denies the allegations contained in Paragraph 61 of the Counterclaim.

62. Hartford denies the allegations contained in Paragraph 62 of the Counterclaim.

63. Hartford denies the allegations contained in Paragraph 63 of the Counterclaim.

64. Hartford states that the Takeover Agreement is a written document, the terms of which are self-explanatory and the interpretation of which is a matter of law. Hartford denies the allegations in this Paragraph to the extent they modify or deviate from the terms of the Takeover Agreement.

65. Hartford denies the allegations contained in Paragraph 65 of the Counterclaim.

66. Hartford denies the allegations contained in Paragraph 66 of the Counterclaim.

67. Hartford denies the allegations contained in Paragraph 67 of the Counterclaim.

## COUNT III

### (Breach of Covenant of Good Faith and Fair Dealing)

68. Hartford hereby incorporates its Answers to Paragraphs 1 through 67 above as if fully set forth herein.

69. Paragraph 69 contains conclusions of law to which no response is required. To the extent a response is required, Hartford denies the allegations contained in Paragraph 69 of the Counterclaim.

70. Hartford denies the allegations contained in Paragraph 70 of the Counterclaim.

71. Hartford denies the allegations contained in Paragraph 71 of the Counterclaim.

## COUNT IV

### (Violation of G.L. c. 93A)

72. Hartford hereby incorporates its Answers to Paragraphs 1 through 71 above as if fully set forth herein.

73. Hartford is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 of the Counterclaim

74. Paragraph 74 contains conclusions of law to which no response is required.

75. Hartford denies the allegations contained in Paragraph 75 of the Counterclaim.

76. Hartford denies the allegations contained in Paragraph 76 of the Counterclaim.

77. Hartford denies the allegations contained in Paragraph 77 of the Counterclaim.

78. Hartford denies the allegations contained in Paragraph 78 of the Counterclaim.

79. Hartford denies the allegations contained in Paragraph 79 of the Counterclaim.

## COUNT V

### (Violation of G.L. c. 176D and G.L. c. 93A)

80. Hartford hereby incorporates its Answers to Paragraphs 1 through 77 above as if fully set forth herein.

81. Hartford admits the allegations contained in Paragraph 81 of the Counterclaim.

82. Paragraph 82 contains conclusions of law to which no response is required.

83. Hartford denies the allegations contained in Paragraph 83 of the Counterclaim.

84. Hartford denies the allegations contained in Paragraph 84 of the Counterclaim.

85. Hartford denies the allegations contained in Paragraph 85 of the Counterclaim.

86. Hartford denies the allegations contained in Paragraph 86 of the Counterclaim.

87. Hartford denies the allegations contained in Paragraph 87 of the Counterclaim.

## COUNT VI

### (Breach of Contract)

88. Hartford hereby incorporates its Answers to Paragraphs 1 through 87 above as if fully set forth herein.

89. Hartford denies the allegations contained in Paragraph 89 of the Counterclaim.

90. Paragraph 90 contains conclusions of law to which no response is required. To the extent a response is required, Hartford denies the allegations contained in Paragraph 90 of the Counterclaim.

91. Hartford denies the allegations contained in Paragraph 91 of the Counterclaim.

92. Hartford is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 of the Counterclaim.

## AFFIRMATIVE DEFENSES

1. Weston has failed to state a cause of action upon which relief can be granted.

2. Weston's claims may be barred or limited by its failure to comply strictly with the terms of the contract and/or the bond which is sought to be enforced.

3. Weston's claims may be barred or limited by the doctrines of waiver, estoppel, unclean hands and/or release.

4. Weston's claims may be barred or limited to the extent it materially and willfully breached its contract with Alexandra and/or Hartford.

5. Any damages allegedly incurred by Weston may have resulted from the acts and/or omissions of those over whom Hartford has no control.

6. Weston's right of recovery in this case is barred or limited to the extent that Weston did not satisfy the conditions precedent set forth in the contract, the Takeover Agreement, the Bond and/or applicable statutes.

7. Weston's claims may be barred or limited to the extent it failed to give timely and proper notice, or failed to comply with applicable limitations periods.

8. Weston's purported termination of Alexandra was wrongful and constituted a material breach of Weston's contract with Alexandra.

9. Weston has failed to state a claim under G.L. c. 93A and G.L. c. 176D.

10. Weston's Counterclaims are barred for the reasons set forth in Hartford's Complaint in this action.

11. Hartford, as surety, hereby asserts all defenses available to be asserted by its principal, Alexandra.

WHEREFORE, having fully answered, Hartford Fire Insurance Company requests that the Counterclaim be dismissed and that Hartford recover its costs and attorneys' fees herein as allowed by contract or by law.

Respectfully submitted,

**HARTFORD FIRE INSURANCE COMPANY,**

By its attorneys,

/s/ Eric H. Loeffler
Bradford R. Carver, BBO #565396
Eric H. Loeffler, BBO #641289
Hinshaw & Culbertson LLP
One International Place, Third Floor
Boston, MA 02110
Dated: July 5, 2006          (617) 213-7000

34021809v1 856093