UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| HARTFORD FIRE INSURANCE COMPANY )<br><br>Plaintiff,<br><br>v.<br><br>THE TOWN OF WESTON<br><br>Defendant and<br>Plaintiff in<br>Counterclaim,<br><br>v.<br><br>JAN FIVE CORP. D/B/A ALEXANDRA<br>CONSTRUCTION<br><br>Defendant in<br>Counterclaim. | CIVIL ACTION NO. 1:05-CV-11166-EFH |

## THE TOWN OF WESTON'S ANSWER TO ALEXANDRA CONSTRUCTION'S COUNTERCLAIM

The Town of Weston ("Weston") responds as follows to the June 29, 2006 Counterclaim of Jan Five Corp. d/b/a Alexandra Construction ("Alexandra"):

### PARTIES

1. Weston denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Counterclaim.

2. Weston denies each and every allegation contained in Paragraph 2 of the Counterclaim, except admits that Weston is organized pursuant to the laws of the Commonwealth of Massachusetts and has its main office at 378 Town House Road, Weston, Massachusetts.

-2-

Additionally, Weston states that the Town of Weston School Department has an office at 89 Wellesley Street, Weston, Massachusetts.

3. Weston admits that it entered into a contract with Alexandra for additions and renovations to the Country and Woodland Schools in Weston, Massachusetts ("Construction Contract"). Weston further states that the Construction Contract is a written document, the terms of which speak for themselves. Weston denies the remaining allegations contained in Paragraph 3 of the Counterclaim.

4. Weston denies each and every allegation contained in Paragraph 4 of the Counterclaim, except admits that the original Construction Contract price was $28,677,000.

5. Weston denies each and every allegation contained in Paragraph 5 of the Counterclaim, except admits that the Construction Contract price was amended by certain change orders totaling $910,867.

6. Weston denies each and every allegation contained in Paragraph 6 of the Counterclaim, except admits that the Construction Contract price was amended by certain change orders totaling $910,867.

7. Weston denies each and every allegation contained in Paragraph 7 of the Counterclaim, except admits that Alexandra performed a portion of the work required by the Construction Contract, but did not complete its work and was terminated in July of 2004.

8. Weston admits the allegations contained in Paragraph 8 of the Counterclaim.

-3-

## COUNT I
## (BREACH OF CONTRACT WESTON)

9. Weston repeats, realleges and incorporates its responses to Paragraphs 1 through 8 above as though fully set forth herein.

10. Weston denies each and every allegation contained in Paragraph 10 of the Counterclaim, except admits that on or about November 10, 2003 the project architect The Design Partnership of Cambridge issued a Certificate of Substantial Completion for the project the terms of which speak for themselves.

11. Weston denies each and every allegation contained in Paragraph 11 of the Counterclaim except admits that Alexandra has demanded payment from Weston for which Alexandra is not entitled.

12. Weston denies each and every allegation contained in Paragraph 12 of the Counterclaim.

13. Weston denies each and every allegation contained in Paragraph 13 of the Counterclaim.

14. Weston denies each and every allegation contained in Paragraph 14 of the Counterclaim.

## COUNT II
## (QUANTUM MERUIT V. WESTON)

15. Weston repeats, realleges and incorporates its responses to Paragraphs 1 through 14 above as though fully set forth herein.

16. Weston denies each and every allegation contained in Paragraph 16 of the Counterclaim except that Weston has paid Alexandra $28,710,848.00.

17. Weston denies each and every allegation contained in Paragraph 17 of the Counterclaim.

BO1 15789308.1

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Alexandra's Counterclaim against Weston fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Alexandra's claims are barred by the doctrine of equitable estoppel.

### THIRD AFFIRMATIVE DEFENSE

Alexandra's claims against Weston are barred by the doctrines of waiver, estoppel and/or release.

### FOURTH AFFIRMATIVE DEFENSE

Alexandra's claims are barred due to its own breaches of the Construction Contract.

### FIFTH AFFIRMATIVE DEFENSE

Alexandra's claims are barred because it failed to suffer any damages from Weston's actions or omissions and any alleged damages Alexandra incurred resulted from the acts or omissions of Alexandra or of third parties or entities over which Weston has no control.

### SIXTH AFFIRMATIVE DEFENSE

Alexandra's claims are barred by virtue of its failure to satisfy conditions precedent.

### SEVENTH AFFIRMATIVE DEFENSE

Alexandra may not maintain a cause of action because it has failed to join all the necessary parties.

### EIGHTH AFFIRMATIVE DEFENSE

Alexandra's claims are barred because it has failed to mitigate its damages.

BO1 15789308.1

-5-

DATED:  July 13, 2006

Respectfully submitted,
THE TOWN OF WESTON
By its Attorneys,

/s/ Jonathan R. Hausner
Joseph A. Barra (BBO # 632534 )
Jonathan R. Hausner (BBO # 654494)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane
Suite 300
Boston, MA 02210-2028
Telephone:    (617) 946-4800
Telecopier:    (617) 946-4801
jbarr@seyfarth.com
jhausner@seyfarth.com

Certificate of Service

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on July 13, 2006.

/s/  Jonathan R. Hausner