UNITED STATES DISTRICT COURT
For the District of Massachusetts

_____

| | |
|---|---|
| HARTFORD FIRE INSURANCE COMPANY ) | |
| ) | |
| Plaintiff,                           ) | |
| ) | |
| v.                                        ) | |
| ) | |
| TOWN OF WESTON                ) | |
| ) | |
| Defendant               ) | |
| ) | |
| v.                                        ) | C.A. No. 1:05-CV-11166-EFH |
| ) | |
| JAN FIVE CORP.                    ) | |
| d/b/a ALEXANDRA CONSTRUCTION,  ) | |
| COUNTERCLAIM DEFENDANT   ) | |
| ) | |
| and                                       ) | |
| ) | |
| DESIGN PARTNERSHIP OF CAMBRIDGE, ) | |
| THIRD-PARTY DEFENDANT        ) | |
| _____) | |

**THIRD-PARTY DEFENDANT, DESIGN PARTNERSHIP
OF CAMBRIDGE'S REPLY TO JAN FIVE CORP. d/b/a
ALEXANDRA CONSTRUCTION'S CROSS-CLAIM**

The Design Partnership of Cambridge ("DPC") responds to the enumerated

paragraphs of Jan Five Corp. d/b/a Alexandra Construction's ("Alexandra") cross-claim as

follows.

1.  Upon information and belief, DPC admits the allegations of this paragraph.

2.  Admitted.

3.  Admitted.

4.  DPC admits that it was the designer of the project.  DPC's responsibilities on the

     project are the subject of the contracts entered into by DPC with the respective parties

     and DPC denies any allegations of this paragraph inconsistent with the terms of those

     contracts.

5.  DPC lacks information or belief to either admit or deny the allegations of this paragraph.

6.  DPC lacks information or belief to either admit or deny the allegations of this paragraph.

7.  Denied.

8.  Denied.

9.  DPC lacks information or belief to either admit or deny the allegations of this paragraph.

**Count I**

10. DPC repeats and realleges paragraphs 1-9 as set forth above.

11. DPC lacks information or belief to either admit or deny the allegations of this paragraph.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

WHEREFORE, DPC respectfully requests that this Court dismiss all claims against DPC and award DPC its costs, interest, and attorneys' fees incurred in the defense of this action, plus such other relief as the Court deems proper.

**Count II**

19. DPC repeats and realleges paragraphs 1-18 as set forth above

20. Admitted.

21. Admitted.

22. Admitted.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

WHEREFORE, DPC respectfully requests that this Court dismiss all claims against DPC and award DPC its costs, interests, and attorneys' fees incurred in the defense of this action, plus such other relief as the Court deems proper.

## Jury Claim

DPC respectfully requests a trial by jury.

## First Affirmative Defense

The cross-claimant has failed to state a claim upon which relief may be granted.

## Second Affirmative Defense

If the cross-claimant has been damaged as alleged, which DPC denies, then said damage resulted from the acts and/or omissions of persons or entities for whose conduct DPC is neither legally liable nor responsible.

## Third Affirmative Defense

If the cross-claimant was damaged as alleged, which DPC denies, then said damage resulted from the negligent acts and/or omissions of the cross-claimant and/or its insureds. Accordingly, the cross-claimant is either barred from recovery or its recovery must be reduced proportionate to the extent of the cross-claimant's contributory negligence and/or the contributory negligence of its insureds.

### Fourth Affirmative Defense

The cross-claimant's claims are barred by the statue of limitations and/or statute of repose.

### Fifth Affirmative Defense

The cross-claimant's claims fail for insufficient service of process and/or insufficiency of process.

### Sixth Affirmative Defense

The cross-claimant's claims are wholly insubstantial, frivolous and not advanced in good faith, and constitute violations of Mass. R. Civ. P. 11 and M.G.L. c. 231 § 6F.

### Seventh Affirmative Defense

The cross-claimant's claims are barred by estoppel.

### Eighth Affirmative Defense

The cross-claimant's claims are barred due to lack of proof.

### Ninth Affirmative Defense

The cross-claimant's claims are barred by its failure to mitigate damages.

### Tenth Affirmative Defense

The cross-claimant's claims are barred by the doctrine of unclean hands.

### Eleventh Affirmative Defense

The cross-claimant's claims against DPC are barred by the language contained in the contract between the cross-claimant and DPC.

Respectfully submitted,
DESIGN PARTNERSHIP OF CAMBRIDGE,
By its attorneys,


*/s/ Brian C. Newberry*
David J. Hatem, PC, B.B.O. #225700
Jay S. Gregory, B.B.O. #546708
Brian C. Newberry, B.B.O. #635498
DONOVAN HATEM LLP
Two Seaport Lane
Boston, MA  02210
Tel:  (617) 406-4500

Dated:  August 22, 2006


## CERTIFICATE OF SERVICE

I Brian C. Newberry certify that on this 22nd day of August, 2006, I served the foregoing document by mailing a copy thereof, postage pre-paid to:

| | | |
|---|---|---|
| Eric Loeffler | Jonathan Hausner | Scott K. DeMello |
| Hinshaw & Culbertson, LLP | Seyfarth Shaw LLP | Lepizzera & Laprocina |
| One International Place | World Trade Center East | 980 Washington Street |
| 3rd Floor | 2 Seaport Lane, Suite 300 | Suite 218 |
| Boston, MA  02110 | Boston, MA  02210-2028 | Dedham, MA  02026 |


*/s/ Brian C. Newberry*


01027472/24410.53